

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 17, 1948

Hon. LaVerne F. McCann
County Attorney
Hockley County
Levelland, Texas

Opinion No. V-744

Re: Authority of Commissioners' Court to levy taxes to maintain public parks.

Dear Sir:

Your letter requests an opinion on several questions the first of which reads:

"In case the voters of the County authorize the issuance of bonds to purchase and/or improve lands for Park purposes under Art. 6081E RCS, would the Commissioners Court, after the building of such Parks, have authority to levy a maintenance tax to maintain such Parks independently of Art. 6078 RCS? If so, would such tax so levied for maintenance be chargeable against the General Fund?"

In Opinion No. V-669 of this office it is said:

"Article 6078, Vernon's Civil Statutes, provides a method by which the Commissioners' Court may purchase and improve parks and pay for such purchase and improvement with money derived from a tax levy of not exceeding five cents on each one hundred dollars assessed valuation of property, after authorization to do so by two-thirds vote of the property taxpaying voters at an election held for such purpose. Such Court is further authorized to levy an annual tax to maintain such parks and pay for improvements therein specified. (Emphasis added throughout)

"Article 6081e, Vernon's Civil Statutes, provides a method by which a county

or an incorporated city, independently or jointly with each other, may acquire and improve public parks and playgrounds and pay for the same with proceeds of bonds issued for such purpose.

"It is made plain in Article 6081e that it is limited to the issuance of bonds and that the proceeds of bonds issued under that Article may not be used for any purpose other than the purchase and improvements of land for park purposes. The ten cent tax authorized in that statute can be used only to pay the requirements of bonds issued thereunder.

"Article 6078 and 6081e stand separately, and, if submitted at the same time must be submitted separately on the ballot at an election authorized thereby, respectively, and may not be submitted jointly."

Article 6081e, V. C. S. provides a method by which a county or an incorporated city, independently or jointly, may acquire and improve public parks and playgrounds and pay for the same with the proceeds of bonds issued for such purpose.

Section 3 of said article provides that "all counties and incorporated cities are authorized to levy a tax not exceeding five (5) cents on the one hundred ($100.00) dollars property valuation to create a fund for the improvement and operation of such parks." Such tax is in addition to the ten cent tax to pay the bonds voted to purchase and improve parks.

In Opinion O-7456 by a former Attorney General it is held that the park in question was not acquired under Article 6081e, and therefore the county could not levy the five cent tax authorized by said section 3 of said Article. It is there said:

"It is a settled principle of law that a county and its commissioners court have no powers or duties except those which are clearly set forth and defined in the Constitution and pertinent statutes. Hill County v. Hamilton, 273 S. W.

292; Edwards County v. Jennings, 33 S. W. 585, and cases therein cited too numerous for repetition herein.

"The above-quoted statutes provide the manner and method by which counties may establish and finance county parks, either independently or in cooperation with the cities. It is a well-recognized principle of law that where the Legislature prescribes a defninte, certain and fixed method of procedure for a City or County to follow in the execution of its governmental functions other methods are by implication of law excluded. Foster v. City of Waco, 255 S. W. 1104 (Sup. Ct.).

"In view of the fact that the County of Caldwell did not acquire the lands included within the Lockhart State Park in the manner provided by Article 6081e, V. A. C. S., as amended, the Commissioners' Court of Caldwell County is without authority to levy a tax of 5 cents on the $100 property valuation in the County of Caldwell to create a fund to help defray the expenses of maintenance and operation of this park."

Applying the same rule to Article 6078, no tax authorized by it may be levied for the improvement or maintenance of parks acquired under authority of Article 6081e.

Tax levied for park improvement is a charge against the County Permanent Improvement Fund and that levied for maintenance is a charge against the County General Fund.

Your second question reads:

"In case the voters of the County by a two-thirds majority vote decided in favor of the tax authorized under Art. 6078 RCS, would the Commissioners Court be authorized to levy any amount of tax it deemed necessary to properly maintain such

parks or it be limited to a tax not to
exceed five cents on each one hundred
dollars valuation for all purposes auth-
orized under Art. 6078 RCS, including
maintenance?"

Under express provisions of Article 6078,
V. C. S., when authorized by a two-thirds vote of
the property tax-paying voters of a county, the Com-
missioners' Court may annually levy five cents on
each one hundred dollars of taxable property in the
county for the purchase and improvement of lands
for use as county parks. It is also provided in
said Article that such Court may annually levy such
additional tax as such Court may deem necessary to
maintain such parks. Said tax levied for the pur-
chase and improvement of such parks is a charge
against the County Permanent Improvement Fund and
such as is levied for maintenance thereof is a
charge against the County General Fund.

Your third question reads:

"Is the tax levy authorized by Art.
6078 RCS a special levy in addition to
the regular constitutional levy for gen-
eral and/or permanent improvements pur-
poses, or is such amount as may be lev-
ied under Art. 6078 RCS chargeable against
or to be included within the over-all levy
permitted for general and/or permanent
improvements purposes?"

In our Opinion V-284 it was held that "Art.
6078 authorized the tax upon a vote of two-thirds ma-
jority for the purchase and improvement of lands for
use as county parks. It is obvious that this tax
would come out of the Permanent Improvement tax."
(Art. VIII, Sec. 9, Texas Constitution.)  By the same
token a maintenance tax levied by the Commissioners'
Court pursuand to Art. 6078 would be chargeable a-
gainst the regular constitutional levy for general
fund purposes and not in addition thereto.

## SUMMARY

Where the voters of a county authorize
the issuance of bonds for the purchase and

improvement of county parks and levy of the tax under Article 6081e, V. C. S., such county may not levy taxes for maintenance purposes under Article 6078, V. C. S.

Where the voters of a county authorize the annual levy of a tax of five cents on the one hundred dollars valuation of property for the purchase and improvement of lands for use as county parks as authorized in Article 6078, V. C. S., the Commissioners' Court may annually levy such tax and annually levy an additional tax sufficient in their judgment to properly maintain such parks and to make such improvements as authorized in said Article.

Taxes levied for the acquisition and improvement of parks are chargeable against the regular constitutional levy for permanent improvement purposes, and taxes levied for maintenance of parks are chargeable against the regular constitutional levy for general fund purposes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL